and that every absent member should be fined a dollar, "to be collected as dues in the next month." The plaintiff was absent from the procession. His fine became due on the 17th of April. He did not pay it on that day, though he did on the 26th of the month. As it was to be collected as dues, and was equal in amount to the dues for four months, he was considered on the 26th of April "in arrears for three months or more." But, even without distinguishing the cases, the doctrine of the Cartan Case was questioned by the distinguished chief justice who joined in its decision, and who, with new colleagues, in a later case (Skelly v. Society, 13 Daly, 2), practically, though not overtly, overruled it. See Shaffer v. United Brotherhood, 22 Misc. Rep. 363, 49 N. Y. Supp. 151. Although the learned justice by whom the judgment was rendered below might well deem himself bound by the decision which he cited, and by the precedent upon which it rested, we are of the opinion that members of incorporated societies like the defendant are bound by the ordinary rule that, "when a person becomes a member of a corporation or society, he assumes the duty of knowing the internal laws of that society, and agrees to be governed by those laws, whether he knows them or not." 1 Thomp. Corp. § 941. The judgment should be reversed, and, as there is no dispute as to the facts, with costs to the appellant.

Judgment reversed, with costs to the appellant. All concur.

---

(28 Misc. Rep. 485.)

ROSENZWEIG v. McCAFFERY.

(Supreme Court, Appellate Term. July 26, 1899.)

1. CONTRACTS—CONSTRUCTION—JOINT AND SEVERAL LIABILITY.
    Where a contract is made by two or more persons jointly, and there are no words that indicate a several liability, the liability is joint.

2. SAME—SET-OFF.
    Where the liability upon a contract is joint, and one of the joint contractors assigns his interest in the claim, and the other refuses to join with the assignee in enforcing the claim, and is therefore made a party defendant, the debtor's liability is not changed into a separate one, against which a debt owing by one of the joint claimants may be offset.

3. SAME.
    A debt from one joint contractor cannot be set off against the joint liability.

Appeal from city court of New York, general term.

Action by David Rosenzweig against Margaret A. McCaffery. A demurrer to a counterclaim set up in McCaffery's answer was sustained by a special term of the city court, and the order and judgment thereon affirmed by the general term (57 N. Y. Supp. 219), and said defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Thomas O'Callahan, for appellant.

Jacob Friedman, for respondent.

FREEDMAN, P. J. The complaint in this action alleges that certain real-estate brokers in New York City, named Giles & Griffin,

engaged in business as such, made an agreement with the defendant, McCaffery, by the terms of which they were to effect an exchange of a house and lot owned by Mrs. McCaffery with one Ketchum for property owned by him, that such exchange was contracted to be made, and that by reason of the full· and complete performance of the conditions of their agreement with Mrs. McCaffery she became indebted to Giles & Griffin in the sum of $1,700. It further recites an assignment of all the right and interest of Griffin in such claim to this plaintiff, the refusal of Giles to unite as a party plaintiff in this action, and that for that reason he was made a party defendant under the provisions of the Code of Civil Procedure, and demands a judgment against the defendant McCaffery alone for the sum of $1,700. The defendant McCaffery alone appears, and files an answer setting up as a set-off or counterclaim an indebtedness or liability existing against the plaintiff's assignor, Griffin, individually, and to such set-off or counterclaim the plaintiff interposed a demurrer. One of the grounds of the demurrer is that the set-off or counterclaim, consisting of an existing indebtedness against the plaintiff's assignor alone, is not available against defendant's liability to Giles & Griffin. The demurrer was sustained by the special term of the city court, and the order and judgment thereon affirmed by the general term of the city court, from which order and judgment this appeal is taken. The nature and form of a contract generally determines whether the liabilities of the parties are joint or several, or joint and several. Where a contract is made by two or more persons jointly, and there are no words which indicate a several liability, the contract is a joint one. Applying that rule to the complaint herein, it sets out a contract made by Giles & Griffin jointly, and not severally, or jointly and severally. The cause of action alleged therein and the claim made thereunder against the defendant is a joint one. Had this action been brought by Giles & Griffin against the defendant McCaffery alone, it would not be contended that an indebtedness of Griffin to her could be available as a set-off. Spofford v. Rowan, 124 N. Y. 113, 26 N. E. 350. The plaintiff in this action, by virtue of the assignment from Griffin, has succeeded to his rights, and the making of Giles a party defendant enables the court to determine the rights of the respective parties, but does not change the liability theretofore existing in favor of both jointly into a separate liability against which a debt owing by one of the joint claimants can be offset. This point raised by the demurrer being well taken, the other grounds contained· therein need not be considered.

Order and judgment appealed from affirmed, with costs to respondent. All concur.