as is now suggested by plaintiff, and that plaintiff, either from the smallness of the risk or from the infrequency of accidents therefrom, or for some other reason, had deemed it safe and proper for him to continue in the employment of the defendant without such precautions as are now urged. Under these circumstances, we feel that his accident was the result of a risk which he fairly and intelligently assumed. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Dowd v. Railway Co., 170 N. Y. 459, 63 N. E. 541.

Plaintiff's counsel, both from his written brief and by his oral argument, has earnestly and forcibly urged that the assumption of risks by an employé is a matter of defense, and must be affirmatively and expressly pleaded by answer, and that, this not having been done in this case, the same is not available. Without passing upon this contention in its full breadth, we think that it sufficiently appears from the record of the trial, and especially from the charge of the court in submitting the case, that this question and defense was treated as being before the court, and was so considered and passed upon that we are entitled to take it into consideration upon this appeal. The judgment and order should be reversed, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.

---

(76 App. Div. 1.)

### MUESSMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. STREET RAILWAYS—NEGLIGENCE—INJURY AT CROSSING—EVIDENCE—INSTRUCTIONS.

In an action against a street railway company for personal injuries caused by being struck by defendant's car at a crossing, plaintiff testified that he was in the middle of the track when struck. Two of his witnesses testified that he was between the first rail and the middle of the track, and another witness that the front of the car was about 7½ feet from the crossing when plaintiff was in the gutter, and that plaintiff was just stepping on the track when he was struck. The court had charged that if the testimony of plaintiff's witnesses was true, and the car was going so fast that the motorman could not control it until plaintiff was struck, plaintiff was entitled to recover. *Held* that, as the jury might have found from the testimony that plaintiff stepped on the track so closely in front of the car that it would have been impossible for the motorman to have stopped in time, the refusal of a charge that, if plaintiff was struck as soon as he stepped on the track, his negligence contributed to his injury, was error.

Appeal from trial term, New York county.

Action by Vincent Muessman, by his guardian ad litem, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.

J. M. Birnbaum, for respondent.

INGRAHAM, J.  The plaintiff in this action was run over by one
of the defendant's cars, sustaining injuries which resulted in the ampu-
tation of both legs, and for that injury has been awarded a verdict
of $30,000.  As we think there is an exception that requires us to re-
verse this judgment, it is not necessary to determine whether, upon all
the evidence, the finding that the defendant was guilty of negligence
and that the plaintiff was free from contributory negligence was sus-
tained.  There was presented upon the trial a sharp conflict between
the witnesses as to the position of the car at the time the plaintiff
started to cross the track.  There was evidence that, as the plaintiff
was crossing this track, the car was proceeding around the curve
at Tenth avenue and Fifty-Ninth street, the speed was suddenly in-
creased, and that the plaintiff was struck before he could get out of
its way.  The plaintiff testified that he saw the car before it attempted
to round this curve, and that it then had the appearance of being at a
standstill.  Other witnesses described the car before rounding the
curve as proceeding very slowly, and that the speed of the car was
suddenly increased while rounding the curve.  If the car was on
Tenth avenue, below the curve, when the boy started to cross the
track, and then suddenly increased its speed, and ran over him before
he could get across, the motorman making no effort to stop the car
or avoid the injury, there certainly would be evidence of the defend-
ant's negligence.  On the other hand, the defendant presented evi-
dence which tended to show that this boy, playing in the street, started
to run across the track as the car was rounding the curve, and either
ran into the car, or was struck as he got upon the track, under condi-
tions which, if believed, would exonerate the defendant from liability.

The exception which requires us to reverse the judgment was taken
to the refusal of the court to charge a request made by the defendant.
The court had charged the jury:

"If you determine, then, that the testimony of the plaintiff's witnesses is
true,—that the plaintiff, using reasonable care for a boy of his years, at-
tempted to cross this crosswalk at Fifty-Ninth street and Tenth avenue;
that the defendant's motorman caused its car to go so fast at that point that
he could not control it until the car went over the boy; and that his parents
were not negligent in allowing him out in the daytime, unaccompanied,—or
if you find that he was in law able to take care of himself, and that no act
of his, considering his age and intelligence, contributed to the happening of
the accident, in that event your verdict will be for the plaintiff.  For I charge
you, gentlemen, that the failure of the defendant's motorman to have the
car under control at the crosswalk would, unexplained, constitute negligence
on the part of the defendant."

This charge was not excepted to.  If it had been, it would have
been clearly error, as it is not the rule that proof of the motorman's
failure to control the car at a crosswalk as a matter of law entitled
the plaintiff to a verdict.  The jury must find the defendant or its
agents guilty of negligence; and assuming that these facts, if proved,
would be sufficient to sustain a finding of negligence, the court was not
justified in instructing the jury that, if such facts were proved, the

plaintiff was as a matter of law entitled to a verdict. There was, however, no exception to this charge, and we are not, therefore, justified in reversing the judgment upon that ground.

After this charge was delivered, counsel for the defendant asked the court to charge: "If the plaintiff was struck by the car as soon as he stepped upon the track, his negligence contributed to his injury, and he cannot recover,"—which was declined, and to which the defendant excepted. I think that, in view of the charge as delivered, the defendant was entitled to have the jury so instructed. Assuming that the general statement of the plaintiff's witnesses was correct as to the position of the car, just prior to the accident, when the plaintiff started to cross the street, still the jury could have found from the testimony that, as this plaintiff stepped on the track, he was just in front of the car, and in such a position that it would have been impossible for the motorman to stop it before striking the plaintiff. The plaintiff testified that he was in the middle of the track, between the two rails, when he was struck; and at least two of his witnesses testified that he was between the first rail and the slot in the middle of the track. Mrs. Wright, a witness for plaintiff, testified that the front of the car was about 7 feet 6 inches from the crosswalk, coming very fast, when the plaintiff was in the gutter, and that the plaintiff was just stepping on the track when he was struck; and a witness for the defendant testified that plaintiff ran in front of the car as it came around the curve. If that was the situation, the plaintiff certainly would not have been entitled to recover, as the negligence to sustain a recovery in this case must be based upon the fact that the motorman failed to stop the car when the plaintiff was either upon the track or in such a position that, if the motorman had been attending to his duty, he must have noticed that the plaintiff intended to cross. But, if the plaintiff did start to cross when the car was close to him, so close that the motorman could not stop the car before striking him, there was then no evidence to justify a verdict. Nowhere in the charge is the attention of the jury called to this condition, and yet the jury might from this evidence have found that the plaintiff stepped upon the track immediately in front of the car under such circumstances that the motorman could not stop the car before striking him. I think, therefore, that this exception requires us to order a new trial.

The judgment and order are reversed, and a new trial is ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs. PATTERSON and O'BRIEN, JJ., concur in result, for the reason stated by HATCH, J.

HATCH, J. I am of opinion that the evidence in this case presented a question of fact for determination by the jury, and that the verdict finds support in the evidence. I concur in the reversal, however, for the error in the charge as pointed out by Mr. Justice INGRAHAM.