(40 Misc. Rep. 631.)

### SIEFKE et al. v. MINDEN.

(Supreme Court, Appellate Term. May, 1903.)

1. JOINT DEBTORS—COMPROMISE WITH ONE—LIABILITY OF OTHER.
    Plaintiffs sued two partners, after dissolution of partnership, on a lease. The court severed the action on plaintiffs' motion, and they recovered judgment against one defendant, and, in satisfaction, accepted from him about one-half of the claim, and thereafter served a supplemental complaint, and recovered the balance against the other partner. *Held*, that the defendants were joint debtors, as well as partners, and that, within Code Civ. Proc. §§ 1942, 1946, authorizing a compromise with one joint debtor without releasing the other joint debtors, the compromise between plaintiffs and the partner against whom judgment was first recovered did not release the other partner from the residue of the demand.

Appeal from City Court of New York.

Action by Henry Siefke and others, executors, against Simeon B. Minden. From an order setting aside a judgment for plaintiffs, they appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

Francis B. Chedsey, for appellants.

George W. Gibbons (Charles Goldzier, of counsel), for respondent.

GILDERSLEEVE, J. This cause is before us on an appeal from an order of the justice before whom, and a jury, the action was tried in the City Court of the city of New York, setting aside, as contrary to law, a verdict for the plaintiff for $483.53, rendered by direction of the court. The action was commenced October 18, 1901, by the plaintiffs against Simeon B. Minden and David Weisberg for rent and water rates under a lease from the plaintiffs' testator to Minden & Weisberg, copartners. The action came on for trial November 13, 1902, when, apparently to avoid delay consequent upon an application by Minden for leave to amend his answer, accompanied by a stay of plaintiffs' proceeding, the court, on plaintiffs' motion, ordered that the action be severed, and that it proceed against Weisberg. The cause thereupon took this course, resulting in a judgment against him for $950.81. The plaintiffs accepted from Weisberg $500 in satisfaction of the judgment as to him. The plaintiffs then served an amended and supplemental complaint demanding

judgment against Minden for $450.81. The issue raised by the answer of Minden to the amended and supplemental complaint was tried December 17, 1902, and the verdict in question returned by the jury under the direction of the court. At the next term of the court the defendant moved for a reargument of a motion made by the defendant, Minden, on the coming in of the verdict of the jury, to set aside this verdict and the judgment entered thereon. That motion, on a further consideration of the application, was granted on the ground that the verdict was contrary to law, and upon exceptions taken at the trial, and this appeal was taken from the order made thereon. The specific ground for the final decision of the motion, as stated in the opinion of the court, was that the liability of the defendants on the lease to them of the demised premises was joint, only, and that the effect of the judgment recovered against Weisberg, one of the defendants, was to extinguish Minden's liability to the plaintiffs for the rent and water rates claimed by the plaintiffs to be due from the defendant, and to bar the action against Minden. This ruling is here questioned by the appellants.

The respondent argues that, if the court below erred in its view of the law, the order is sustainable on the ground that the exceptions taken by the defendant on the trial entitled him to the order. The only exception here insisted upon by the respondents was taken to the admission of testimony claimed to be incompetent, and the effects of which would have been to influence the jury if the defendant had offered proof of his affirmative defenses. But the defendant offered no evidence at all, and merely rested his case on his legal position that the plaintiffs were not entitled to recover, because, as the court afterwards held, the judgment against Weisberg was a bar to any subsequent suit against Minden. The point is taken by the appellants' counsel that there was nothing before the court to show that a judgment against Weisberg was upon the lease, or upon any liability which was not a several liability. But in this position he is in error. The amended and supplemental complaint distinctly avers that Weisberg and Minden were both defendants to the action when it was originally brought, and that the cause of action was for rent and water rates payable under the lease. These facts must, therefore, for the purposes of this appeal, be taken as true. The order of severance recites that it was made on motion of the plaintiffs' attorney, and, whatever its effect, and however erroneous it may be, which we do not intend to pass upon, it certainly was not void, as the court below pronounced it. It was not in the power of the trial justice to sit in review of that order, much less to declare it void. It could be reviewed on appeal only. The justice who made the order severing the action had jurisdiction of the parties and of the subject-matter before him, and his determination could not be questioned or set at naught in a collateral proceeding by a judge sitting at nisi prius. But in the view we take of this case, it is not necessary to consider the effect of this order. We think the order setting aside the verdict was erroneous. Weisberg & Minden were, as parties to the lease, joint debtors. Rosenzweig v. McCaffery (Sup.) 59 N. Y. Supp. 863. And as between themselves they were copartners. The latter rela-

tion, and the dissolution of the copartnership, January 28, 1899, were sufficiently shown by the testimony of Weisberg. The compromise between the plaintiffs and Weisberg took place after November 13, 1902, as alleged in the complaint and admitted by the answer. The evidence respecting the existence of a partnership and its dissolution does not amount to a demonstration, but it was sufficient to require the submission of the case to the jury. These facts bring the case within the provisions of sections 1942 and 1946 of the Code. Section 1942 authorizes a creditor to compromise with one joint debtor upon releasing him from the joint obligation, without releasing the other joint debtor, and to compromise with a partner after the dissolution of the copartnership, upon giving him a discharge from all liability, as partner, to the plaintiffs, with the same effect. Section 1946 provides that a partner who has not been joined as a defendant in a suit on a copartnership liability when judgment has been taken against the partner sued may, if the judgment is unsatisfied, bring a separate suit against the partner omitted. Most, if not all, of the cases bearing on these two sections, were instances of actions brought to enforce the entire claim against the joint debtor or partner who was not made a party to the action in which the judgment was recovered, while here, after judgment against Weisberg, and a compromise with him, the plaintiffs claim to recover from Minden only the balance due on the judgment over and above the amount paid by Weisberg. Apart from the fact that judgment has been recovered against Weisberg, the act of the plaintiffs in compromising with him was one which unquestionably was authorized by sections 1942 and 1946, and the only suggestion of a doubt is whether the plaintiffs' right to compound their claims was affected by the existence of this judgment. This precise question seems, up to the present time, not to have been presented to the courts for determination. As was said in Harbeck v. Pupin, 123 N. Y. 115, 119, 25 N. E. 311, concerning section 1278, which is closely related to sections 1942 and 1946 in spirit and intent, a narrow and literal construction of a remedial statute intended to abrogate the harsh and technical rule of the common law, which frequently operated to defeat a just claim, would practically nullify it. Now, considering that Weisberg and Minden were both made defendants in the action as originally brought; that the cause of action against them was for the same debt; that the severance of the action was, in a sense, forced upon the plaintiffs by an exigency in the cause which arose without their fault; and that the plaintiffs claim from Minden only the residue of their demand after deducting the amount paid by Weisberg—we think the plaintiffs' position is quite within the provisions of the Code referred to, when so construed as to make them harmonize with the manifest intent of the Legislature. Any attempt to mitigate the severely rigid and technical rule of the common law on the subject of the merger and extinguishment of joint obligations in cases like this, which did not include the abolition of the distinction between a debt in the form of a judgment and one not in judgment, would fall far short of its purpose. The considerations lead to a reversal of the order.

Order reversed, with costs. All concur.