SARAH THRO MEEKER, as Administratrix, etc., of HENRY W. Meeker, Deceased, Respondent, *v.* CLARK M. SMITH and Others, Appellants.

*Negligence — suspension of a rope by means of a jack upon the roof of a grand stand — liability for the fall of the jack from the roof upon a pedestrian — the willful act of a stranger — request to charge a proposition which has been already inferentially charged.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, it appeared that the defendants had leased certain grounds upon which an interstate fair was held under their supervision; that a part of the apparatus used for one of the amusement features of the fair consisted of a rope, which was attached to a beam at the back of the grand stand, and was led from thence through and over the roof of the grand stand and over the race track to a beam in the ground. In order to raise the rope a sufficient distance from the roof of the grand stand, there was constructed near the center of the roof a jack composed of two pieces of timber four inches wide and four inches thick and about sixteen feet long, which crossed each other at the top so as to form a crotch, over which the rope passed.

It further appeared that, in tightening this rope, the jack fell upon the roof of the grand stand; that there was a slight slant to the roof, and that the jack slid from it to the ground, striking the plaintiff's intestate and killing him.

*Held,* that it could not be said, as matter of law, that the erection of the jack was so dangerous an act as to be wrongful or to constitute a nuisance;

That, if the accident occurred through the willful act of a stranger in cutting the rope at the back of the grand stand, the defendants could not be held liable.

Upon a jury trial the refusal of a request to charge, except as already charged, is an intimation to the jury that the rule of law requested is not wholly sound. If such rule has been already charged, the party making the request does so at his peril, but if the rule of law in question has been only inferentially charged, the party making the request is entitled to an explicit statement thereof.

APPEAL by the defendants, Clark M. Smith and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 17th day of March, 1899, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 22d day of August, 1902, denying the defendants' motion for a new trial made upon a case containing exceptions.

The defendants Smith and Carroll leased certain fair grounds in

the city of Elmira in 1897, upon which was held, under their super-vision, an interstate fair. One of the attractions at said fair was what is called "The Slide for Life" performed by Mr. and Mrs. Schmick. The apparatus in use in this performance consisted of a rope which was attached to a beam in the back of the grand stand. The rope then went up through the roof of the grand stand over the roof and over the race track. It was fastened at the other end in the center of the grounds by what is called a "dead man," which was a beam placed in the ground secured to withstand a heavy strain. The roof of the grand stand did not raise this rope high enough, so that in the center of the roof and towards the front thereof was placed a jack, which was composed of two pieces of timber four by four and about sixteen feet long, crossing each other at the top and stayed to the roof at the bottom. Through the upper crotch formed by this cross at the top, this rope was placed, which went from the back of the grand stand to this "dead man," over in the center of the field. This rope is called the slide rope, and this woman was pulled above the grand stand and allowed to slide upon a pulley swiftly to the other end of the rope in the center of the field. In tightening this rope just prior to the first perform-ance, this jack fell upon the roof of the grand stand to which there was a slight slant. It slid off the roof of the grand stand to the ground below, striking plaintiff's intestate and killing him. The action is brought by the administratrix of the deceased to recover under the statute for his death. The jury rendered a verdict for $1,500, and from the judgment entered upon this verdict and the order refusing a new trial thereof, the defendants appeal.

*Judson A. Gibson,* for the appellant Jones.

*A. C. Eustace* and *J. P. Eustace,* for the appellants Smith and Carroll.

*Herbert M. Lovell,* for the respondent.

SMITH, J.:

The defendant Jones is sought to be charged as a partner with the defendants Smith and Carroll. Without reciting the evidence in detail we are of opinion that there was sufficient proof of his interest in this enterprise to establish against him a *prima facie* case of part-

nership; at least sufficient in the absence of explicit evidence upon his part as to the nature of his contract with the other defendants.

One of the defendants' contentions was that this accident was not caused by the negligent erection of this jack, but by the willful act of some stranger in cutting the rope at the back of the grand stand, without which willful act, it is claimed, the jack would have remained in position and no accident would have occurred. After the charge of the trial judge the following request was made by the defendants' counsel: "I ask the court to charge that if the rope that held the jack in position was cut by some one not employed by any one in control of the defendants, or by their knowledge, and the jack fell from the rope being so cut, the defendants are not liable." This request was refused by the court except as already charged, to which refusal defendants duly excepted. Upon this appeal this ruling is strongly urged as error for which a new trial should be granted. To the defendants' contention the respondent makes two answers: *First,* that this act constituted a nuisance, and that the defendants were not entitled to the ruling asked for. But the case was not submitted to the jury upon this theory. They were not allowed to say whether this construction constituted a nuisance, and it could not have been held a nuisance as a matter of law. If properly constructed and stayed it offered no menace to the safety of those near it. It was a considerable distance back from the front of the grand stand, and it must fall and slide before it could leave the roof of the grand stand and injure the bystanders. Its erection, therefore, cannot be held, as matter of law, to have been so dangerous as to be a wrongful act. While the defendants were bound to exercise reasonable care to protect their invitees from peril, they were not insurers of their safety, and if the accident occurred through the willful act of a third party, the defendants could not be held liable therefor. We think, therefore, that the request to charge should have been granted, and was improperly refused, unless the rule as requested had been previously charged.

The *second* answer of the respondent is that this proposition had already been substantially charged, and this was probably what was in the mind of the trial judge when he refused to charge except as already charged. But had the rule of law as requested to be

charged, and to which the defendants were entitled, been given to the jury? An examination of the charge shows that the learned trial judge stated to the jury what was the claim of the plaintiff and the claim of the defendants, and told the jury that it was for them to determine the cause of the accident. He had not charged specifically that if the defendants' theory were true the defendants were entitled to a verdict. He had, it is true, inferentially so charged. With the ordinary jury, however, more or less confused by arguments of able counsel, it is difficult to make clear by most explicit language the exact rule of law by which they should be guided. It is not fair to a suitor that those rules of law be only inferentially given. He is entitled, at least upon his request, to an explicit statement of his rights. The refusal of a request to charge except as already charged is an intimation to the jury that the rule of law requested is not wholly sound. If that rule of law has been already charged, the party making the request makes it at his peril. Where, however, the rule of law requested to be charged has been only inferentially stated, the party is, we think, entitled to an explicit statement thereof, and should not incur any peril by asking therefor.

We think, therefore, the defendants have successfully established prejudicial error, for which a new trial should be granted.

All concurred; CHASE, J., in result.

Judgment and order reversed and new trial granted, with one bill of costs to appellants to abide event.