(92 App. Div. 510.)

CUSHING v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. STREET RAILWAYS—COLLISION WITH TEAM—NEGLIGENCE—INSTRUCTION.

Where plaintiff's evidence was that when he attempted to drive across the street railway track the car which struck his team was 100 feet away, and defendant's testimony was that it was but a few feet away, so that it could not be stopped to prevent the accident, it was error to refuse an instruction, not covered by the charge, that, if the jury found that while defendant's car was proceeding in the ordinary and lawful course of business, plaintiff, with the car in full sight, drove in front of it when it was so near that it could not be stopped by the exercise of ordinary care, he could not recover.

2. SAME—RIGHT OF WAY—ORDINANCES.

Where at the time of collision the street car was going north and the team going east, and an ordinance was in evidence providing that all vehicles going north or south shall have the right of way over vehicles going east or west, charging that the rights of the parties at the place of collision were equal, and refusing to charge that by the ordinance the car going north had the right of way over the team going east, was error.

Appeal from Trial Term, New York County.

Action by Michael Cushing against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Daniel F. Kiely, for respondent.

McLAUGHLIN, J.   The plaintiff, the driver of a cab, endeavored about 9 o'clock in the evening of the 25th of July, 1900, to cross from the westerly to the easterly side of Third avenue at its intersection with Twentieth street, and in doing so sustained personal injuries by one of defendant's north-bound cars colliding with the cab which he was driving, and he brought this action to recover damages therefor upon the ground that the same were caused solely by defendant's negligence.   He had a verdict, and from the judgment entered thereon defendant has appealed.

The conclusion at which we have arrived renders it unnecessary to determine whether, upon all the evidence, the finding that the defendant was guilty of negligence and the plaintiff free from contributory negligence was sustained, inasmuch as there are at least two exceptions which necessitate a new trial.   There was presented at the close of the trial a sharp conflict of fact between the witnesses on the part of the plaintiff and those on the part of the defendant as to the relative positions of the car and the cab at the time the plaintiff attempted to cross the tracks upon which the north-bound car was running.   The testimony on the part of the plaintiff tended, in substance, to show that the car was about 100 feet away, and on the part of the defendant that it was but a few feet away, and so near that the car could not have been stopped, and the collision prevented.   This being the situation, the court was requested by defendant's counsel to charge:

"If the jury in this case find from the evidence that while the defendant's north-bound car was proceeding in the ordinary and lawful course of defendant's business, the plaintiff, while such car was in full sight, drove in front of it at a time when the car was so near that it could not be stopped by the motorman by the exercise of ordinary care, then the plaintiff cannot recover, and the defendant is entitled to a verdict."

The request was refused, except as charged, and an exception taken.   This was error.   The request was a proper one, and should have been charged.   Muessman v. Metropolitan St. Ry. Co., 76 App. Div. 1, 78 N. Y. Supp. 571.   The court had not covered the proposition in the main charge, and the defendant was entitled to have the jury instructed in the manner requested.   If the plaintiff started to cross the track on which the car was running when it was so close to him that the motorman could not stop it and prevent the collision, then the plaintiff was not entitled to recover.   Nowhere in the charge is the attention of the jury called to this fact, and therefore to refuse to charge as requested was, in effect, to intimate to the jury that they might find for the plaintiff, no matter how close the car was when he drove in front of it.   Meeker v. Smith, 84 App. Div. 111, 81 N. Y. Supp. 1067.

During the course of the trial the defendant offered, and the same was received in evidence without objection, an ordinance of the city of New York in relation to the right of way of vehicles upon the public streets which provided that "on all the public streets or highways of this city all vehicles going in a northerly or southerly direction

shall have the right of way over any vehicle going in an easterly or westerly direction." Notwithstanding this fact the court charged (to which an exception was taken) that the rights of the parties at the place where the collision occurred were equal, and refused to charge, at defendant's request (to which an exception was also taken) that by the ordinance put in evidence the car, which was going in a northerly direction, had the right of way over plaintiff's cab, which was going in an easterly direction. Both of these exceptions were well taken. The ordinance expressly declares that the rights of the two vehicles were not equal—that the north-bound car had the right of way over the easterly-bound cab. The charge as made, therefore, was erroneous, inasmuch as, taken in connection with the refusal to charge, it was, in effect, an instruction to the jury that they could disregard the ordinance. This they had no right to do. It was evidence in the case, and as such entitled to be considered by the jury.

Other exceptions are urged by the appellant both as to refusals to charge and as to the reception of evidence, but we deem it unnecessary to pass upon them, inasmuch as the same may not be presented on a new trial.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur. PATTERSON, J., concurs on first ground.