(46 Misc. Rep. 118)

KRODER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. STREET RAILWAYS—COLLISION WITH TEAM—RIGHT OF WAY.

    Where, at the time of collision between a team and street car, an ordinance provides that vehicles going northerly or southerly shall have the right of way over a vehicle going easterly or westerly, the railway company is entitled to an instruction that such ordinance is controlling.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John Kroder against the Interurban Street Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles Strauss, for appellant.

Henry W. Goddard and William E. Weaver, for respondent.

GILDERSLEEVE, J. There was a collision between one of the defendant's cars and the plaintiff's carriage, and this action was brought to recover damages sustained by the carriage through the alleged negligence of the defendant. The jury found for the defendant, and the plaintiff appeals.

The evidence was conflicting, and there is ample to support the verdict.

While we think the verdict should not be disturbed, we feel called upon to discuss one question presented by the appeal. The defendant offered in evidence, under plaintiff's objection and exception, a copy of the ordinance of the "Right of Way," art. 1, § 1, adopted by the board of aldermen of the city of New York August 31, 1897, and approved by the mayor September 2, 1897. In stating the law applicable to the case, the learned trial justice said to the jury, in the course of his charge:

"The claim here is that this occurred at the street crossing of Fifty-Eighth street and Madison avenue. The law, as I understand it, and so charge you,

is, at street crossings the right of operators of street railways and the rights of drivers of vehicles are equal and reciprocal; one has no greater right than the other. Another proposition that should assist you in determining the questions presented to you, when you reach it, is this: By an ordinance in force at the time of the accident, article 1, determining the right of way under section 1, passed by our authorities, the common council, reads: 'That on all public streets or highways of the city all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going easterly or westerly.' Bearing the two legal propositions in mind, the one about equal rights and the other about the right of way, I will ask you to apply this test in order to determine whether the plaintiff's driver in any manner contributed to the accident or injury, or whether the defendant's servant, the motorman, was negligent."

At the close of the charge in chief, defendant's counsel asked the court to charge "that the defendant's car had the right of way at that point," and the reply was, "I decline to charge other than I have already charged." And again, in response to a request of defendant's counsel, the court declined to charge that the ordinance of the common council was controlling at the place of the accident. In this connection we must direct attention to the case of Cushing v. Met. St. Ry. Co., 92 App. Div. 510, 87 N. Y. Supp. 314, where the rule applicable in an accident case, consisting of a collision between two vehicles at a crossing in this city, and the ordinance above mentioned has been received in evidence, is correctly stated. This case holds that, under the circumstances detailed, the rights of the parties are not equal, and that the instruction to the jury should be that the vehicle going northerly or southerly has the right of way over any vehicle going in an easterly or westerly direction. When the ordinance under consideration becomes evidence in a case, its consideration must not be taken from a jury. We reach the conclusion that the charge was more fair to the plaintiff than he was entitled to have, that no errors were committed upon the trial prejudicial to the plaintiff, and that the judgment is right and should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.