QUINN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 22, 1905.)

1. STREET RAILROADS—PERSONAL INJURIES—EVIDENCE—ORDINANCES.

In an action against a street railroad company for personal injuries caused by a collision in a street, an ordinance giving the railroad company the right of way in the street was admissible as bearing on the degree of caution imposed on the motorman.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 230.]

2. SAME—DUTY OF MOTORMAN.

A motorman operating a street car is only required to use ordinary care, under the circumstances; so that a charge that the motorman was obliged to use more than ordinary caution because the day was wet was erroneous.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 174.]

3. TRIAL—MISCONDUCT OF COUNSEL.
    It is highly improper for counsel to persist in repeatedly asking a question which has been excluded.
    [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 827, 828.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edward J. Quinn against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

William E. Weaver, for appellant.
Francis F. Leman, for respondent.

SCOTT, P. J. It was clearly error to have excluded the city ordinance. Kroder v. Interurban St. Ry. Co. (Sup.) 91 N. Y. Supp. 341. Of course, its admission would not have been determinative of the question of the motorman's care or negligence, because mere possession of the right of way does not give the driver of a vehicle license to omit all care in the avoidance of collisions. But the defendant was entitled to lay the ordinance before the jury as bearing upon the degree of caution imposed upon the motorman under the circumstances. So, too, it was erroneous to charge the jury as a matter of law that because the day was wet the motorman was obliged to use "more than ordinary caution." His duty was to use ordinary care under the circumstances as they existed, one of which was the slippery condition of the street. In certain other regards the charge imposed upon the defendant a greater burden than is justified by well-established rules of law. It was highly improper for the plaintiff's counsel to persist in repeatedly asking a question which had been excluded, and for this persistence the court might well have granted the motion to withdraw a juror.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.