### KAPLAN v. SHAPIRO et al. (three cases).

(Supreme Court, Appellate Term. April 10, 1907.)

1. APPEAL—SETTING ASIDE VERDICT—VIOLATION OF INSTRUCTIONS.

    The court will set aside a verdict, when contrary to the instructions, without regard to their legal correctness, only where the party complaining was injuriously affected by the disobedience of the jury.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4219–4230.]

2. SAME—REVIEW—EXCEPTIONS.

    The court on appeal is not justified in reversing the judgment on the ground of the inaccuracy of an instruction where appellant did not except to it on the trial.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1516–1532.]

3. PARTNERSHIP—FIRM DEBTS—PARTIAL PAYMENT BY PARTNER.

    Under Code Civ. Proc. § 1942, providing that a joint debtor may make a separate composition with his creditor, which composition shall only discharge the debtor making it, etc., a payment by one partner of his

part of the liability of the firm on a note executed by the partners does not discharge the copartner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 301–305.]

4. APPEAL—SETTING ASIDE VERDICT—GROUNDS—VIOLATION OF INSTRUCTIONS.
In an action by the payee of a note against the makers, who signed as partners, the partners answered separately; one partner pleading a general denial and limitations, and the copartner adding to his answer a plea of release and payment. The copartner offered a receipt by the payee, reciting that the copartner had paid his part of the note. The evidence whether the payee received any money on signing the receipt was conflicting, and the court charged that, if the payee received the money called for by the receipt, the verdict should be against him. The jury disregarded the instruction, and found a verdict against the partner for the face of the note, after deducting the amount called for in the receipt and a partial payment made by the partner. *Held,* that the partner was not entitled to have the verdict set aside because of the jury's failure to obey the instructions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4219–4230.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Three actions by George Kaplan against Isaac L. Shapiro and another. From separate judgments for plaintiff, defendant Isaac L. Shapiro appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Henry Lieb, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

GIEGERICH, J. These three actions were tried together, but a separate judgment was entered in each. They are brought upon promissory notes made by the defendants Isaac L. Shapiro and Michael Edelstein, as copartners doing business under the firm name of Shapiro & Edelstein, to the plaintiff. The note sued on in action No. 1 (calendar No. 80) is dated December 1, 1890, and is for $200, payable one month after date; the one in No. 2 (calendar No. 81), dated October 3, 1890, is for $241.86, payable four months after date; and the one in No. 3 (calendar No. 82) is dated October 3, 1890, and is for the payment of $250 within ninety days after date. The notes in suit are annexed to the return in action No. 2. The defendants answered separately in each action; Shapiro pleading a general denial and the statute of limitations, to which Edelstein in his answer added a plea of release and payment. Upon the trial the plaintiff testified that after the expiration of six years from the maturity of the notes, viz., in January, 1902, the defendant Shapiro paid to him sums aggregating $55 on account of the notes in suit and promised to pay the balance due thereon. There was, however, no proof offered that the defendant Edelstein participated in such payments or made any new promise. to pay the notes; and so the complaint was dismissed as to him. The defendant Shapiro, testifying in his own behalf, denied that he made any payment on account of the notes, or that he promised to pay the

same, and he showed by the testimony of Edelstein and of Edelstein's brother, Louis, that after the dissolution of the partnership, viz., on November 12, 1891, Edelstein, in the presence of Louis, paid to the plaintiff the sum of $346, in bills, and obtained the following receipt:

"New York, November 12, 1891.

"Recd. three hundred and forty-six ($346 00/100) for his part of payment from ther padnership of Shapiro & Edelstein.

    "[Signed]                           George Kaplan."

Edelstein and his brother testified that when that payment was made he asked the plaintiff how much he owed him, and the plaintiff named the sum above mentioned, which was thereupon paid. The plaintiff and his wife, on the other hand, gave testimony to the effect that when the receipt was given no money whatever was paid, and that the receipt was given merely for the purpose of being shown to his then intended father-in-law, from whom he expected to receive $2,000 upon his marriage, and who, upon learning of his indebtedness to the plaintiff, inquired of him about it and was informed that it had been paid.

The justice, adverting to the foregoing testimony relative to the defense of release, charged the jury in substance that, if they believed the plaintiff received the sum of money called for by the receipt claimed to have been given by him to Edelstein, their verdict should be for the defendant. The plaintiff duly excepted to such instruction. The jury, having returned from their deliberations, through their foreman announced, "We find that the man shall pay each and every note," and the court thereupon directed them to retire in order to bring in a proper verdict. The jury returned and rendered the following verdict: "We find that the man shall pay on the face of each and every note, and deduct the $346 and $55." The defendant Shapiro thereupon moved to set aside the verdict, upon the various grounds specified in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), which motion was subsequently denied, and judgment was entered in each action in favor of the plaintiff after deducting pro rata the sums above mentioned. The defendant Shapiro has appealed to this court, and urges that the verdict of the jury is contrary to the above instructions of the court, and that the judgment should consequently be reversed.

While such course would undoubtedly follow where the instruction is correct (Bigelow v. Garwitz, 15 N. Y. Supp. 940, 61 Hun, 624; 11 Ency. Pl. & Pr. 60), there is quite a diversity of opinion, in jurisdictions other than our own, where the charge is incorrect; the courts in some states holding that the judgment must be reversed, while in others there are decisions which maintain the contrary view (11 Ency. Pl. & Pr. p. 60, and citations). In this state, however, the rule is fairly deducible from the adjudications that, where a jury have found a verdict contrary to the instructions of the court, it will be set aside, without regard to the legal accuracy of the instructions, but that only the party injuriously affected by the disobedience of the jury has the right to complain. In Sweetman v. Prince, 62 Barb. 256, it was held that the jury were bound to take the law from the court, and could not disregard an instruction upon that subject, however errone-

ous it might be, and that, if they found a verdict contrary to such instructions, it was the duty of the court to set it aside. The case just cited was reversed on another point (26 N. Y. 224), but it is quoted with approval by Mr. Baylies, in his very useful work on New Trials and Appeals (2d Ed., p. 542). The doctrine of that case, although the case itself is not mentioned in the opinion, seems to have been approved by the Court of Appeals in Wood v. Belden, 54 N. Y. 658, with the limitation, however, that only the party injuriously affected by the disobedience of the jury has the right to complain. See Baylies' New Trials and Appeals (2d Ed.) p. 542.

The accuracy of the instruction given to the jury as above noted is questioned by the appellant; but, since he did not except to it upon the trial, we would not be justified in reversing the judgment upon that ground. Muessman v. Met. St. Ry. Co., 76 App. Div. 1, 78 N. Y. Supp. 571. Recourse must therefore be had to the record, with a view of ascertaining whether or not, in any aspect of the case, the appellant has really been harmed by the instruction referred to, although the legal proposition therein contained may not have been correct; and, if he has not, then under the rule above stated, the error may be disregarded. It will be seen, from a reading of the paper claimed to have been given by the plaintiff to Edelstein, which is annexed to the return in action No. 2 (calendar No. 81) and is above set forth, that it is a mere receipt for the payment of the latter's part of the liability on the notes in suit, and that in the light of the authorities hereafter cited it cannot fairly be construed as a release of the entire indebtedness. Partners are jointly and severally liable, and the payment by one partner of his part of the liability and his consequent release from the partnership debt do not, without more, discharge the other partner from his share of the indebtedness, as will be seen from the following provisions of section 1942 of the Code of Civil Procedure, viz.:

"A joint debtor may make a separate composition with his creditor, as prescribed in this section. Such a composition discharges the debtor making it; and him only. The creditor must execute to the compounding debtor a release of the indebtedness, or other instrument exonerating him therefrom. A member of a partnership cannot thus compound for a partnership debt, until the partnership has been dissolved by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership. An instrument specified in this section, does not impair the creditor's right of action against any other joint debtor, or his right to take any proceeding against the latter; unless an intent to release or exonerate him appears affirmatively upon the face thereof."

The Appellate Term, in Siefke v. Minden, 40 Misc. Rep. 631, 634, 83 N. Y. Supp. 71, 73, construing this section, through Mr. Justice Gildersleeve, said:

"Section 1942 authorizes a creditor to compromise with one joint debtor upon releasing him from the joint obligation, without releasing the other joint debtor, and to compromise with a partner, after the dissolution of the copartnership, upon giving him a discharge from all liability as partner to the plaintiffs, with the same effect."

There the plaintiffs, as executors, sued two partners, after dissolution of the partnership, for rent and water rates under a lease from the former's testator to the latter. The action having been severed,

a judgment was recovered against one of the partners for $950.81, and the plaintiffs accepted from him $500 in satisfaction of the judgment as to ,him. Thereafter a supplemental complaint was served, and the result was a verdict for the plaintiffs against the other partner by direction of the court. On appeal it was held that the defendants were joint debtors, as well as partners between themselves, and that, within sections 1942 and 1946 of the Code of Civil Procedure, the plaintiffs could compromise with one of the partners without releasing the other from the residue of the demand or precluding a continuance of the action against him.

It thus appears from these authorities that the alleged payment by Edelstein to the plaintiff of a part of the partnership debt did not operate as a release of the appellant from the other part thereof. Assuming, therefore, as we must from the finding of the jury, that such payment has been established, and that all other controverted questions of fact have been resolved in plaintiff's favor, it is manifest that the verdict which was rendered is right. Under these circumstances there is no just cause for complaint on the part of either party, especially by the appellant, who, as above shown, had only pleaded the statute of limitations in addition to a general denial, and therefore, under the form of his answer, he would not, but for such instruction, have been in a position to avail himself of the payment so made by his former partner. The appellant was therefore the gainer, and not the loser, by the instruction, since it resulted in the jury deducting from the partnership debt the part so paid by Edelstein, which could not have been done but for such instruction. From all this, it is evident that the appellant was not injuriously affected by the jury's disregard of the instruction, but, on the contrary, he profited by it, and has no right to complain.

The several judgments appealed from should therefore be affirmed, with costs. All concur.