### Citizens Railway Company v. Isham Ford.

Decided February 6, 1901.

**1.—Contributory Negligence—Requested Charge—Grouping Facts.**

On the issue of contributory negligence by one who, crossing in front of a steet car, was struck by another car moving on a parallel track, see a requested instruction grouping certain facts which would constitute contributory negligence which was improperly refused.

**2.—Charge.**

A requested charge should be read in connection with the instructions given by the court, and need not embrace matters fully covered therein.

**3.—Same—Negligence—Causal Connection.**

When there is no doubt that conduct of the injured party, such as walking in front of or against a moving car, was a cause of the injury, a charge may declare such conduct, if negligent, to constitute a defense, without submitting the question of its causal connection.

Appeal from McLennan, Fifty-fourth District. Tried below before Hon. Sam R. Scott.

*Clark & Bolinger,* for appellant.

*Eugene Easterling* and *J. W. Taylor,* for appellee.

COLLARD, Associate Justice.—This suit was brought by appellee, Isham Ford, against the appellant, the Citizens Railway Company, of Waco, Texas, for damages for personal injuries to his wife, Mattie Ford.

occasioned by a car of defendant striking her while she was returning to her work at the Pacific Hotel, where she was employed as a pastry cook. She alleged that just as she attempted to cross Fourth street, going east, she saw a car on one of the company's tracks, and that she passed around in front of a car on the track which had stopped to adjust a switch, and while she was walking on across the street with due care, another car of defendant on a parallel track ran against her, causing the injuries for which she sues. It is alleged that the injuries were occasioned by the negligence of the defendant and its servants operating the car. It was alleged by a supplemental petition that she looked carefully to see if the crossing was clear, but could not see the approaching car that struck her, on account of the car that had stopped, and no signals were given by the approaching car, and that the motorman in charge of it could have seen her in time to have stopped, but negligently failed to do so.

Defendant answered by general demurrer and denial, and that plaintiff's wife was guilty of contributory negligence in running in front of the first car, which it is alleged was in motion, and in passing close to it without waiting for it to pass, and also in passing the first car in running up against the second car, which was approaching, without looking or listening for the same, and so caused her own injuries by her negligence, when she could have seen the car and avoided the injury by the use of ordinary care. By supplemental answer defendant specially excepted to the amended supplemental petition, because it was an enlargement of plaintiff's original cause of action, and not a supplemental petition, as it was styled; and further denied all the allegations of the amended supplemental petition. The court overruled all the demurrers and exceptions, defendant excepting.

The trial resulted in a verdict for plaintiff for $1000, for which judgment was rendered, and a new trial being refused, defendant has appealed.

The facts, briefly stated, are: Plaintiff's wife, Mattie Ford, who was employed as pastry cook at the Pacific Hotel, went home to look after her children at noon, and was returning to the hotel about 1 o'clock p. m., and had to cross the street railway track. She was coming from the west going east on her way to the hotel. The tracks of the company—double tracks—ran at this point north and south. When she came near the track on the west a car had stopped in the way, or if moving was moving slowly to make a switch, headed southward on the west track. She passed rapidly in front of this car, a few feet out of the usual path to the south of it. Another car moving in the same direction came up on the east track, also moving southward. When she came to the first car she could not see the second car beyond it. The second car made no halt. There were only a few feet between the two tracks, and about one foot and a half between the cars in passing. She did not see the second car, watching the first car while passing in front of it, and after she passed it and before she knew it, the second car

struck her, causing the injuries .alleged. Whether it ran upon her, the front end striking her, or whether she ran upon it, colliding with the side steps is not certain, as upon this the testimony is conflicting. There was nothing between the cars to obstruct the view from one to the other, and if she had been looking in front of her, she could have seen the second car in passing the first and certainly after she had passed it. The testimony would support a finding that no signals were given by the second car on approaching the crossing, though there is testimony of the driver that he sounded the gong on arriving near the crossing.

*Opinion.*—The court charged the jury that upon certain conditions the plaintiff could recover unless his wife was guilty of contributory negligence, not grouping the facts relied on to show contributory negligence; and then more definitely instructed that if she failed to look and listen for the approaching car, and that a person of ordinary care would have looked and listened, and would have discovered it in time to have avoided the injury, and that such conduct was negligence as defined, and that such negligence contributed to her injuries she would be guilty of contributory negligence, in which event, if the jury should so find, to return a verdict for the defendant.

On the same subject of contributory negligence defendant asked the following special charge: "If you believe from the testimony that Mattie Ford ran in front of defendant's street car, known as Belt car, while it was in motion, and in about six feet of same, and that after this, and without stopping or looking or listening ran into the defendant's car known as Washington-street car in daylight, when both of said cars were in plain view, and if you believe that Mattie Ford could have known by the use of ordinary diligence that both of said cars were passing along said street, and if you further believe that such conduct of Mattie Ford was negligent, and such acts as would not have been performed by a reasonably prudent person under the same circumstances, then, if you so believe, you will find for defendant and so say by your verdict."

It will be seen that the requested charge grouped the facts relied on and pleaded to establish contributory negligence, and that the testimony would warrant the finding of the facts so assembled. The court's charge was not so comprehensive upon the question, and the amendment proposed by the requested charge would more clearly and pertinently have placed the issue before the jury, thus aiding and supplementing the incompleteness of the charge given by the court, and we believe the requested charge ought to have been given, and that it was error to refuse it.

It is true the requested charge did not state that to defeat a recovery the negligence of Mattie Ford must have contributed to the injury, but the court's charge did so, and the charge asked must be read in connection with the proper explanations of the court's instructions upon that subject. So read, it is entirely sufficient.

We believe, however, that there could be no doubt that the conduct of the plaintiff's wife contributed to the injury, if it should be held that she was guilty of negligence as stated in the requested charge, and we hold that in such case it was not necessary to require a finding as to the effect of such negligence. But one conclusion could follow as a result of her negligence if it existed as propounded in the charge asked. The omission, therefore, to demand a finding as to such result is not important.

Because of the error in refusing to give the requested charge, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.