ANTON ZOLPHER, DEFENDANT IN ERROR, v. THE CAMDEN AND SUBURBAN RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

1. Whether there is negligence in the operation of an electric street car, which collides with another vehicle ahead of it upon the track, depends upon the speed of the car and the distance which the car had to go at the time the motorman saw, or ought to have seen, the vehicle upon the track.
2. If the distance between the car and the vehicle is in dispute, the existence of negligence is a question for the jury, unless the distance is, in any view of the evidence, so small that the motorman could not stop a car running at a reasonable rate of speed.
3. It is not necessarily negligent for a traveler upon a bicycle to stop upon the track in front of an approaching car, without looking behind him, when the usual audible warning of its approach, by bell or gong, is not given by the motorman.

On error to the Supreme Court.

For the plaintiff in error, *Joseph H. Gaskill.*

For the defendant in error, *Howard Carrow.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff, while riding a bicycle upon the track of the defendant in advance of an approaching car, was struck by the car and injured. He had been riding on the right-hand side of the street until he came to a pile of stones which obstructed his passage; he then turned on the track. There was a high wind and considerable dust. While he was on the track the wind came against him so strong, as he testified, that he had to get off. He did not then look around. As he put his foot on the ground the car struck him and dragged him, he says, for about forty feet. There was testimony that no warning was given of the approach of the car. He was a few feet in advance of the car when he went on the track; the

estimates vary from twelve to twenty feet. There was testimony to the effect that the car was going quite fast.

A motion to nonsuit was refused.

Taylor, a witness for the defendant, testified that he was on the front platform; that he shouted to the motorman: "Look out; there is a man!" and the motorman immediately gave two sharp sounds of the gong; that the plaintiff was not over twelve feet from the car when he went on the track, and that the car, when it struck him, was going at the rate of five miles an hour. He was asked on cross-examination why it was necessary for him to call the motorman's attention to the fact of the plaintiff's being on the track, and he answered: "Why, what would I do; stand there and let him run over him?"

The relative rights of the plaintiff and defendant in the use of the highway are settled. *Camden, Gloucester and Woodbury Railway Co.* v. *Preston,* 30 *Vroom* 264; *Consolidated Traction Co.* v. *Haight, Id.* 577; *Hughes* v. *Camden and Suburban Railway Co.,* 36 *Id.* 203.

The question is whether the motorman, if he had been running his car at a reasonable rate of speed, could, by the exercise of ordinary care, have stopped it in time to avoid the collision. The answer must depend upon the distance which the car had to go at the time the motorman saw, or ought to have seen, the bicycle upon the track in front of him. If that distance is so small that the motorman could not, by the exercise of ordinary care, have stopped the car, if he was running at a reasonable rate of speed, the defendant is not liable. If that distance was sufficient to allow the motorman, by the exercise of ordinary care, to stop a car running at a reasonable rate of speed, the failure of the motorman to stop, subjects the defendant to liability. In the present case the jury had the right to believe the testimony of the plaintiff that he had gone twenty feet along the track before he was struck. If so, the motorman had at least that distance in which to check, and, if necessary, stop his car. We think it was a question for the jury whether a failure to stop in that distance established negligence. Even if the motorman did all

that he could to stop the car when he saw the bicycle on the track, there would still be evidence of negligence if his failure to stop was due to the fact that he had been running at an unreasonable rate of speed; that he was running at an unreasonable rate of speed could properly be inferred from the testimony of the plaintiff that he was dragged forty feet. Whether the estimate of the distance traversed by the car after the collision was forty feet, as the plaintiff said, twenty feet as Welsh said, or six or eight feet as the motorman said, or three feet, as Taylor said, was a question depending on the credibility of the witnesses and to be determined by the jury. The greater the distance, the stronger the inference that the car was running at an unreasonable rate of speed prior to the effort made by the motorman to stop it.

The greatest difficulty in the case arises from the fact that the plaintiff stopped in the car track, and it is forcibly argued that the motorman could not anticipate this action of the plaintiff. If this case had rested on the plaintiff's case alone, I should have difficulty on this score; but, in my judgment, the testimony of Taylor justified the inference that the motorman was inattentive, and that if he had given proper attention the accident might have been avoided. Greater care and attention is necessarily required of the motorman when a vehicle is on the track in front of him than when he has a clear road.

The question whether the plaintiff himself was not negligent in failing to look around before stopping his wheel is also one of difficulty; but we think it was a question for the jury whether the motorman gave warning by the usual audible signal of gong or bell; and, if no warning was given, such as would naturally be given by a car overtaking a vehicle, and approaching so close, then it was also a question for the jury whether the plaintiff was negligent in stopping. The case differs from cases where the traveler undertakes to cross directly in front of an approaching car. In this case it is proved that the plaintiff got safely on the track at least twelve feet in advance of the car. He was not bound to look behind him after he was fairly on the track. It then became the

duty of the motorman to give warning, and to exercise reasonable care to avoid a collision.

The only errors assigned are the failure to nonsuit and the failure to direct a verdict.  The duty of the trial judge, as this court has said in *Newark Passenger Railway Co.* v. *Block,* 26 *Vroom* 605, is to say whether any facts have been established from which negligence may be inferred.  "If none, there is no case to go to the jury; but if from facts established, negligence may reasonably and legitimately be inferred, it is for the jury to say whether from those facts negligence ought to be inferred."  Applying this rule to the present case, we think the facts fairly presented a question for the jury, and we find no error in the refusal to nonsuit and to direct a verdict.

The judgment should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM.  13.

*For reversal*—None.