HENNESSEY v. FORTY–SECOND STREET, M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. STREET RAILROADS—INJURIES TO WORKMEN—CONTRIBUTORY NEGLIGENCE—
   EVIDENCE.
   Plaintiff was struck and injured by a street car while he was engaged in constructing a fence in the street, surrounding a street improvement, about 30 inches from the track. He knew the cars were passing every two or three minutes, and that the place where he was working was dangerous. With such knowledge, however, he worked on, without paying any attention to passing cars; relying on his hearing the bell when one approached. A car approached while he was stooping over, nailing a board on the fence; and, though other workmen got out of the way and were uninjured, plaintiff was struck. Held, that plaintiff was guilty of contributory negligence, as a matter of law.
   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 205.]

2. SAME—INSTRUCTIONS—REQUESTS—EXCEPTIONS.
   In an action for injuries to a workman in a street by being struck by a street car, the court charged that plaintiff was bound to exercise the care which a careful man would exercise in plaintiff's position, and that his failure so to do, if it contributed to the injury, would entitle defendant to a verdict. Defendant then asked the court to charge that, if plaintiff was working in a place known by him to be dangerous, he was required to keep his senses alert and be vigilant to look out for cars and avoid them at the time of their passage, to which the court answered, "He was bound to exercise that care and diligence that a careful and prudent man would exercise under the circumstances similar to the ones

that he was working under at that moment," whereupon defendant's counsel excepted. *Held*, that the exception was to the court's refusal to charge as requested, and not to the charge of the court in answer to the request.

**3. SAME.**

The charge of the court did not cover defendant's request, and the refusal thereof was error.

Appeal from Appellate Term.

Action by Richard Hennessey against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a judgment in favor of plaintiff, affirmed by the Appellate Term (88 N. Y. Supp. 728), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Frank C. Avery, for respondent.

INGRAHAM, J.   The plaintiff was in the employ of a firm of contractors who were engaged in constructing a subway between Forty-Second street and Park avenue and Forty-Seventh street and Broadway.   These contractors had commenced to dig a trench in the street adjoining the tracks of the defendant railroad, and on the 14th of February, 1902, the plaintiff, a carpenter in the employ of the contractors, was instructed by the contractors to build a fence in Seventh avenue between Forty-Third and Forty-Fourth streets.   When building this fence he was struck by one of the defendant's cars and injured. This fence was constructed about 30 inches from the track.   The accident happened while the plaintiff was nailing a board upon the fence, standing between the fence and the track.   Upon his cross-examination the plaintiff testified that he did not listen for the car, because he did not hear it coming; that he did not look, because, if he had looked and had seen the car, he would not have stood there; that these cars were passing one every two or three minutes; that the plaintiff knew that the cars were passing every two or three minutes when he went to work there, and knew that it was a dangerous place to work; that nobody else was hurt there, because everybody else got out of the way of the car; that what is called the "drip board" of the car hit the plaintiff; that he had been engaged in working on this fence about an hour and a half before he was hurt.   A witness for the plaintiff, who was also working on the fence, testified that he saw the car stop at Forty-Third street; that it started at a low speed; that, when he saw the car coming, he got out of the way by going to Forty-Fourth street; that the plaintiff was stooping over between the fence and the car; that there was room enough for a man to stand between the car and the fence, by squeezing himself in against the fence.   Another witness for the plaintiff testified that he was working at this fence, between the track and the fence; that he heard a scream, turned around, and saw the plaintiff wheel around; that he was stooping over, facing the car; that he helped the plaintiff, who walked between the car and the fence; that, when the car stopped, plaintiff was about the middle of the car, and that he took plaintiff between

the.fence and the car, around the front of the car. At the end of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the plaintiff was guilty of contributory negligence, and that the defendant was not negligent. That motion was denied, and the defendant excepted. The motorman testified that he started his car at Forty-Third street, rang the bell, and went slow; that there were some men at work on this fence; that two of the men turned and went across the track, and the other stayed and leaned up against the fence, and that the witness went on, ringing his bell; that after he passed the man he heard a scream, and turned, looked back, and saw the plaintiff standing alongside of the car; that he stopped the car about four feet from where the man was standing.

I am inclined to think that, upon this testimony, the plaintiff was guilty of contributory negligence. He was constructing the fence about 30 inches from the track. He knew the cars were passing every two or three minutes, and knew it was a dangerous place to work, and, with this knowledge, worked on, without paying any attention to the passing cars; relying, as he says, upon his hearing the bell when one approached. The situation was perfectly apparent. In working in such a dangerous place, the plaintiff was bound to exercise the care and caution that were necessary to protect him from the cars running upon the defendant's track. It was certainly not the care of a prudent man to keep on working in such a situation, without either looking or listening for approaching cars. If he had paid any attention to the cars when one came in front of him, he would have seen it, and then, by standing up close to the fence, could have avoided injury. The plaintiff's evidence shows that a man standing up close to the fence would escape being struck by the car.

Assuming, however, that it was proper to submit the question of contributory negligence to the jury, there was an exception to a refusal to charge, which I think requires a reversal of the judgment. The court charged the jury that the plaintiff was bound to exercise the care, prudence, and diligence which a careful man would exercise, being placed in the position he was placed in; that, if he failed to do so, and his failure to exercise that degree of care contributed to the injury, the defendant was entitled to a verdict. Counsel for the defendant then asked the court to charge "that, if the plaintiff was working in a place known to be dangerous to him, he was required to keep his senses alert, and to be vigilant to look out for cars and avoid them at the time of their passage." To this the court answered, "He was bound to exercise that care and diligence that a careful and prudent man would exercise under the circumstances similar to the ones that he was working under at that moment," and the defendant's counsel excepted. The plaintiff insists that this exception did not apply to any refusal of the court to charge, but to the answer of the court refusing the request; but I think the exception was to the refusal to charge, and not to what the court charged in answer to the defendant's request. This statement of the court in answer to the defendant's request was a repetition of what the court had before charged, and, under the circumstances, where the plaintiff testified that he knew that the place was dangerous, and that he was familiar with all the

conditions that existed, I think the defendant was entitled to have the jury instructed that a man working in such a place, known to be dangerous, is required to keep his senses alert and be diligent to avoid the danger. This instruction merely called the attention of the jury to the conceded facts, and stated, as a proposition of law, that any person working in a place that he knows to be dangerous is bound to be alert and diligent to protect himself from injury. A person attempting to cross a track is bound to look so as to see whether a car is approaching, and, when he is at work in such a position that a car cannot pass without striking him, he is bound to watch for the cars; and if, by a lack of attention, he unnecessarily expose himself to danger, he is guilty of contributory negligence. We think that the defendant was entitled to have the jury specifically instructed as requested by the defendant.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.