RICHARD HENNESSEY, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Negligence — a person constructing a fence within thirty inches of a street car track — his duty to be vigilant to see approaching cars.*

*Semble*, that a man constructing a fence in a city street about thirty inches from a street car track who, with knowledge that cars are passing along the track every two or three minutes and that it is a dangerous place in which to work, continues at work without paying any attention to the passing cars, rely-

ing upon hearing the warning bell when one approaches, and who, under such circumstances, is struck and injured by a car, when if he had stood close up to the fence he would have escaped injury, is guilty of contributory negligence as matter of law and cannot maintain an action against the street railway company to recover damages for the injuries thus sustained.

Even assuming that, in an action brought against the street railway company to recover damages for such injuries; the question of the plaintiff's negligence is one of fact for the jury, the defendant is entitled to have the jury charged "that if the plaintiff was working in a place known to be dangerous to him he was required to keep his senses alert and to be vigilant to look out for cars and avoid them at the time of their passage."

APPEAL by the defendant, the Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of June, 1904, affirming a judgment of the City Court of the city of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 24th day of November, 1903, upon the verdict of a jury for $750, and also affirming an order of said City Court, entered on the 20th day of November, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*Frank C. Avery,* for the respondent.

INGRAHAM, J.:

The plaintiff was in the employ of a firm of contractors who were engaged in constructing a subway between Forty-second street and Park avenue and Forty-seventh street and Broadway. These contractors had commenced to dig a trench in the street adjoining the tracks of the defendant railroad, and on the 14th of February, 1902, the plaintiff, a carpenter in the employ of the contractors, was instructed by the contractors to build a fence in Seventh avenue between Forty-third and Forty-fourth streets. When building this fence he was struck by one of the defendant's cars and injured. This fence was constructed about thirty inches from the track; the accident happened while the plaintiff was nailing a board upon the fence, standing between the fence and the track. Upon his cross-examina-

tion the plaintiff testified that he did not listen for the car because he did not hear it coming; that he did not look because, if he had looked and had seen the car, he would not have stood there; that these cars were passing one every two or three minutes; that the plaintiff knew that the cars were passing every two or three minutes when he went to work there, and knew that it was a dangerous place to work; that nobody else was hurt there because everybody else got out of the way of the car; that what is called the dripboard of the car hit the plaintiff; that he had been engaged in working on this fence about an hour and a half before he was hurt. A witness for the plaintiff, who was also working on the fence, testified that he saw the car stop at Forty-third street; that it started at a low speed; that when he saw the car coming he got out of the way by going to Forty-fourth street; that the plaintiff was stooping over between the fence and the car; that there was room enough for a man to stand between the car and the fence by squeezing himself in against the fence. Another witness for the plaintiff testified that he was working at this fence between the track and the fence; that he heard a scream, turned around and saw the plaintiff wheel around; that he was stooping over facing the car; that he helped the plaintiff, who walked between the car and the fence; that when the car stopped, plaintiff was about the middle of the car, and that he took plaintiff between the fence and the car around the front of the car. At the end of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the plaintiff was guilty of contributory negligence and that the defendant was not negligent. That motion was denied, and the defendant excepted. The motorman testified that he started his car at Forty-third street, rang the bell and went slow; that there were some men at work on this fence; that two of the men turned and went across the track, and the other stayed and leaned up against the fence, and that the witness went on ringing his bell; that after he passed the man he heard a scream and turned, looked back and saw the plaintiff standing alongside of the car; that he stopped the car about four feet from where the man was standing.

I am inclined to think that upon this testimony the plaintiff was guilty of contributory negligence. He was constructing the fence about thirty inches from the track. He knew the cars were passing

every two or three minutes; knew it was a dangerous place to work and, with this knowledge, worked on without paying any attention to the passing cars, relying, as he says, upon his hearing the bell when one approached. The situation was perfectly apparent. In working in such a dangerous place the plaintiff was bound to exercise the care and caution that was necessary to protect him from the cars running upon the defendant's track. It was certainly not the care of a prudent man to keep on working in such a situation without either looking or listening for approaching cars. If he had paid any attention to the cars, when one came in front of him he would have seen it and then, by standing up close to the fence, could have avoided injury. The plaintiff's evidence shows that a man standing up close to the fence would escape being struck by the car.

Assuming, however, that it was proper to submit the question of contributory negligence to the jury, there was an exception to a refusal to charge which, I think, requires a reversal of the judgment. The court charged the jury that the plaintiff was bound to exercise the care, prudence and diligence which a careful man would exercise, being placed in the position he was placed in; that if he failed to do so, and his failure to exercise that degree of care contributed to the injury, the defendant was entitled to a verdict. Counsel for the defendant then asked the court to charge "that if the plaintiff was working in a place known to be dangerous to him, he was required to keep his senses alert and to be vigilant to look out for cars and avoid them at the time of their passage." To this the court answered, "he was bound to exercise that care and diligence that a careful and prudent man would exercise under the circumstances similar to the ones that he was working under at that moment," and the defendant's counsel excepted. The plaintiff insists that this exception did not apply to any refusal of the court to charge; but to the answer of the court refusing the request; but I think the exception was to the refusal to charge and not to what the court charged in answer to the defendant's request. This statement of the court in answer to the defendant's request was a repetition of what the court had before charged, and under the circumstances, where the plaintiff testified that he knew that the place was dangerous and that he was familiar with all the conditions that existed, I think the defendant was entitled to have the

jury instructed that a man working in such a place known to be dangerous is required to keep his senses alert and be diligent to avoid the danger.    This instruction merely called the attention of the jury to the conceded facts and stated as a proposition of law that any person working in a place that he knows to be dangerous is bound to be alert and diligent to protect himself from injury.    A person attempting to cross a track is bound to look so as to see whether a car is approaching, and when he is at work in such a position that a car cannot pass without striking him he is bound to watch for the cars, and if by a lack of attention he unnecessarily expose himself to danger, he is guilty of contributory negligence.

We think that the defendant was entitled to have the jury specifically instructed as requested by the defendant.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.