NELLIE CARLIN, Admx., Appellee, *vs.* THE GRAND TRUNK WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. RAILROADS—*a person must use care in approaching railroad crossing.* One who approaches a railroad crossing is bound to know that it is a dangerous place even though a flagman or gateman is employed, and while he has a right to rely upon a reasonable performance of the flagman's or gateman's duty to give warning of the approach of trains, yet he is not excused from exercising care for his safety proportionate to the danger. (*C., R. I. & P. Ry. Co.* v. *Clough,* 134 Ill. 586, and *C. & A. R. R. Co.* v. *Blaul,* 175 id. 183, distinguished.)

2. INSTRUCTIONS—*party is entitled to instruction applying law to facts his evidence tends to prove.* If there is evidence tending to show that plaintiff's intestate stooped and went under the crossing gates and upon the track, where he was struck by the defendant's train, the defendant is entitled to an instruction applying the law to such facts, notwithstanding there are general instructions given holding that there could be no recovery if the deceased was guilty of negligence in going upon the crossing.

3. SAME—*when refusal of instruction is error.* If there is evidence upon which to base it, an instruction stating that "if the jury believe, from the evidence, that the safety gates at the crossing in question were down and the deceased went upon the tracks underneath the gates, and in so doing failed to exercise due care for his personal safety, and in consequence thereof was struck by an engine and killed, then his administratrix cannot recover in this action," is proper, and it is error to refuse it.

VICKERS, J., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

KRETZINGER, ROONEY & KRETZINGER, for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

Hans P. Schmidt was killed by a passenger train of the appellant at the Loomis street crossing of appellant's railroad, in the city of Chicago. Appellee, his administratrix, brought suit for the benefit of his widow and next of kin against the appellant and recovered a judgment, which was affirmed by the Appellate Court for the First District. This appeal is from the judgment of affirmance.

Loomis street runs north and south and at the place where the deceased was killed is crossed by four railroad tracks. The accident happened a few minutes before nine o'clock in the evening, and the train which struck deceased was running east on the most southerly of these tracks. There were crossing gates north and south of the railroad tracks, operated from a tower between the two middle tracks. The deceased came from the north along Loomis street. The evidence is conflicting as to whether the crossing gate was down before the deceased passed it, the testimony on behalf of the plaintiff tending to show that it did not come down until he was between the two middle tracks, while that for the defendant tended to show that the gate was down when the deceased came to it and that he stooped down and passed under the gate. There was evidence tending to show that the whistle was blown at Western avenue, a mile west of Loomis street, and at Ashland avenue, four blocks west; that the bell was ringing and that there was a bright headlight on the engine, which could be plainly seen for five blocks before the train reached Loomis street. The evidence as to the speed of the train was conflicting, the plaintiff's evidence tending to show that it was running at a very high rate of speed, greatly in excess of the rate permitted by the ordinance of the city, while the defendant's evidence tended to show that the speed was not in excess of that permitted by the ordinance.

The only question presented for our consideration is as to the action of the court in refusing to give to the jury the following instruction which was asked by the appellant:

"The court instructs the jury that every person is bound to know that a railroad crossing is a dangerous place, and he is guilty of negligence unless he approaches it as if it were dangerous. And if the jury believe, from the evidence, that the safety gates at the crossing in question were down and the deceased went upon the tracks underneath the gates, and in so doing failed to exercise due care for his personal safety, and in consequence thereof was struck by an engine and killed, then his administratrix cannot recover in this action and your verdict should find the defendant not guilty."

It requires no argument or citation of authority to show that a railroad crossing is a dangerous place and that it is the duty of a person about to cross a railroad track to approach it cautiously and to use reasonable care to avoid accidents. The instruction stated this rule correctly to the jury and submitted for their determination the questions of fact whether the gate was down and the deceased went under it, whether in so doing he failed to exercise due care for his own safety, and whether it was in consequence of such failure that he was struck by the engine and killed. Appellant claimed that deceased stooped down and went under the gate upon the crossing after the gate was down, and that his conduct in so doing was negligent and resulted in his being struck by the train. There was evidence tending to sustain this claim, and the appellant therefore had a right to have the jury instructed as to the law applicable to it. Other instructions given informed the jury that there could be no recovery if the deceased was guilty of negligence in going upon the crossing at the time of the accident. Such instructions, however, were abstract in character. The refused instruction applied the law to the facts in the case as the evidence on behalf of appellant tended

to prove them. The statement of the general principle that the exercise of ordinary care by the deceased was necessary to a recovery was not equivalent to an instruction directing the attention of the jury to a controlling issue in the case and to the evidence bearing on that issue. Notwithstanding the giving of instructions of a general character, this instruction, applying the law to facts which there was evidence tending to prove, should have been given. *Fowler* v. *Chicago and Eastern Illinois Railroad Co.* 234 Ill. 619; *Chicago City Railway Co.* v. *O'Donnell,* 208 id. 267; *Mallen* v. *Waldowski,* 203 id. 87; *Chicago, Burlington and Quincy Railroad Co.* v. *Camper,* 199 id. 569.

It is insisted by the appellee that the first sentence of the refused instruction is not the law in this case, because the deceased had a right to rely upon the performance by the appellant of its duty to lower the gates on the approach of a train, and therefore was not bound to approach the crossing as though it was dangerous. *Chicago, Rock Island and Pacific Railway Co.* v. *Clough,* 134 Ill. 586, and *Chicago and Alton Railroad Co.* v. *Blaul,* 175 id. 183, are cited in support of this contention. These cases hold that one about to cross a railroad track where a flagman is employed has a right to rely upon his reasonable performance of his duty to give warning of the approach of trains. They do not hold that railroad crossings where flagmen are employed or gates have been installed are not dangerous or that persons approaching such crossings are under no obligation to exercise due care for their safety. All reasonable persons know that a railroad crossing is a place of danger. The use of gates or other means of warning to the public reduces the danger, but a person about to cross the tracks is bound to know that the danger exists and to approach the tracks with care proportionate to the danger. He may rely upon the giving of the customary signals but he must exercise due care himself. Whether the acts of the deceased amounted to due care or showed a lack of

due care, and whether the accident was occasioned by his negligence, were questions of fact which the instruction properly submitted to the jury.

For the error in refusing this instruction the judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*

Mr. JUSTICE VICKERS, dissenting.