withdrawn and paid for before May 1st. There is not a particle of evidence that appellant attempted to rescind prior to May 1st. The letter of April 6th, 1910, passed the title in the property to appellant, subject, perhaps, (upon that view of the evidence most favorable to appellant) to the right of examination within a reasonable time. There is no pretense that even at the time of the attempted rescission, appellant had made any examination whatever of the ducks remaining in the storage warehouse, or had made any attempt to make such an examination, although the ducks had then been in its possession and control for seventy-three days. Therefore, even if it be assumed that the contract was executory when made, it had become fully executed on June 18, 1910, for at that date nothing remained to be done except the payment of the agreed price, less the damages, if any, resulting from the breach of warranty, if there was any such breach.

In our opinion the jury were fairly and fully instructed, and we cannot say that the verdict was contrary to the preponderance of the evidence. The judgment of the Municipal Court will therefore be affirmed.

*Affirmed.*

---

Sam Weil, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 18,424. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

## ·Statement of the Case.

Action by Sam Weil against the Chicago City Railway Company to recover for personal injuries resulting from a collision of one of defendant's cars with a wagon upon which plaintiff, as driver, was attempting to cross defendant's tracks at a street intersection. From a judgment for plaintiff for two thousand dollars, defendant appeals.

FRANKLIN B. HUSSEY and C. LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

LEVY & O'DONNELL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 142*—*when instruction on degree of care erroneous.* Instruction requiring motorman to stop his car "in the shortest possible time and space" to avert a collision, *held* erroneous.

2. STREET RAILROADS, § 142*—*when instruction improper as assuming facts.* Instructions assuming that a particular act or omission on the part of the motorman constitutes negligence, *held* improper.

3. STREET RAILROADS, § 149*—*when refusal of requested instruction is error.* Refusal to give an instruction which correctly states the rule applicable to defendant's theory of the case, there being evidence to support such theory and the principle therein not being covered by other instructions, *held* error.

4. APPEAL AND ERROR, § 1652*—*when erroneous instruction not cured by others.* Instruction, erroneous in requiring motorman to exercise highest degree of care to avert a collision, not cured by other instructions where it directs a verdict on finding the facts to be as stated therein.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.