## J. H. Bayer, Appellee, v. St. Louis, Springfield and Peoria Railroad, Appellant.

1. STREET RAILROADS, § 152*—*when refusal of requested instruction reversible error.* In an action against a street railway company for damages to plaintiff's auto truck alleged to have been caused by defendant's street car colliding with it at a street intersection, refusal of an instruction offered by defendant which told the jury that if they believed that plaintiff's driver drove the truck against the side of defendant's car, and that in so doing they believed he was guilty of negligence contributing to the accident, they

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

should find for defendant, *held* reversible error for the reason that the instruction stated the law applicable to the case and was not covered by other instructions.

2. DAMAGES, § 190*—*sufficiency of proof of amount*. Though proof of damages by plaintiff's testimony alone, which is indefinite, as to the amount may not be grounds for reversal of the judgment, it is an unsatisfactory way of proving damages where with care the amount could be ascertained with reasonable certainty.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed July 28, 1914.

RICHARD YATES and H. C. DILLON, for appellant; GEORGE W. BURTON, of counsel.

C. H. BURTON, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

The declaration filed in this case consisted of one original count and an additional count called the first and second counts. The first count, in substance, avers that on June 15, 1912, appellant possessed and operated a certain electric railroad through the city of Venice and village of Madison and was operating by and through its servants a certain car from the north towards the south upon State street in the city of Venice at and near an intersection with Market street, both being public streets, and appellee then and there with due care for his own safety was riding in an auto truck upon Market street going from east towards the west and towards said intersection lines with State street; that appellant by and through its servants in charge of said car negligently and improperly drove and operated said car so that it struck with great force and violence the auto truck in which appellee was riding and by means whereof the auto truck, then and there the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

property of appellee, was crushed, damaged and injured to the amount of seven hundred and fifty dollars.

The second count avers, in substance, the same as the first count, and that there was then and there in force in the city of Venice a certain ordinance limiting the speed of electric cars on State street to not more than fifteen miles per hour, and that the appellant negligently and improperly drove said car at a speed in excess of fifteen miles per hour, and by reason thereof appellee while in the exercise of due care and caution riding in the auto truck was struck by said car with great force and violence and his, appellee's, auto truck crushed, damaged and injured, etc.

The general issue was filed by appellant to the declaration. Upon a trial the jury found appellant not guilty under the second count of the declaration, at the close of evidence offered by appellee under the instruction of the court. The trial proceeded under the first count of the declaration and the jury found the appellant guilty and assessed appellee's damages at three hundred dollars. Upon motion for a new trial the appellee entered remittitur of the sum of fifty dollars. Motion for a new trial was overruled and judgment entered for the sum of two hundred and fifty dollars.

The facts in this case as they appear from the record show: That appellee with his driver and two other workmen in an auto truck started west on Market street about one hundred and fifty feet east of the intersection of said Market and State streets, the place where the accident occurred. The auto was being run at the time on second speed; that the view to the north on State street at the intersection was obstructed until the car would be within about twenty feet of the intersection; that a collision occurred between the electric car and auto is not a matter of dispute; that it was at a street crossing much used by the public is established by the evidence. The circumstances tending to show

due care and caution of appellee and negligence of the Company were the questions of fact upon which there was a sharp conflict of the evidence to the extent of four or five witnesses on each side. The credibility of some of the witnesses was attacked and all submitted to the jury.

Appellant relies upon three propositions to reverse this case:

First. That the driver of appellee's auto truck was guilty of contributory negligence and appellee under the facts cannot recover.

Second. That appellant was entitled to have its refused instructions 1, 2 and 3 given and the refusal of the court to give them is reversible error.

Third. That the verdict of the jury was excessive and that error was not cured by remittitur.

The first proposition argued by appellant, excerpts from the testimony of a number of witnesses quoted and from an examination of the record of the evidence of physical conditions, conduct of servants of appellant in running the car and the conduct of appellee while approaching the crossing, made the case close upon the facts, with evidence tending to support a finding of the jury, whatever it might be, and at the same time call upon the court to apply the law with greater accuracy.

The merit of the contention of appellant is covered by the second proposition. It appears from the record, without contradiction, that appellant's refused instructions numbers 1, 2 and 3 were presented by appellant to the court and refused, and that each one of them correctly stated a proposition of law applicable to the case is not denied. It is, however, insisted by appellee that the same proposition was covered by other given instructions for appellant. The first of said instructions is, as follows:

The Court instructs the jury, that if you believe from the evidence that plaintiff's driver on the occasion in question, drove the auto truck, owned by the plaintiff,

Bayer v. St. Louis, Springfield and Peoria R. Co., 188 Ill. App. 323.

against the side of defendant's car, and that in doing so, if you so believe, he was guilty of negligence contributing to the accident, then you should find the defendant not guilty."

That the above instruction states the law applicable to this case is not denied or argued by appellee, and leaves to be determined whether or not appellant's defense of a failure on the part of appellee to exercise due care and caution has been submitted to the jury as it has a right to have it submitted.

The declaration charged by reason of the negligence of the servants of appellant, while the appellee was in the exercise of due care, that appellant's car was with force and violence run against appellee's auto, and appellant answers by the evidence of two or more witnesses and the marks on the car that appellee ran his auto into the side of appellant's car, which evidence tended to prove the defense, and if believed by the jury might sustain the jury in a finding that appellee was not in the exercise of due care; that a fair presentation of this issue to the jury is necessary under the pleadings and facts and any error by reason of which the jury was deprived of either the law or the facts applicable thereto goes to the merits of the case and is reversible error.

Appellee says this proposition was covered by other instructions, particularly numbers 1, 5, 7, 8 and 9 given for appellant. After a careful reading of appellant's instructions the most that can be said is that the jury were told; "That unless the jury believe the plaintiff was in the exercise of due care and if by the exercise of reasonable and ordinary care on his part could and would have kept out of the way of the car and thus have avoided the collision," he could not recover.

The instructions referred to were abstract in character of the law on due care and caution so frequently mentioned, and particularly in the case of *Carlin v. Grand Trunk Western Ry. Co.*, 243 Ill. 64.

The instruction offered contained the law as to a state of facts which was supported by the evidence, which if found to be true by the jury would defeat a recovery, and of which appellant in no other given instruction had the benefit thereof and should have been given and it was reversible error to refuse. The third proposition might not, standing alone, call for a reversal of this case, but as it must be reversed all that will be said is that appellee's evidence is the only evidence upon the measure of damages and he cannot definitely state how much his damages were, but about two hundred and fifty dollars, may be more and might have been less, which is an unsatisfactory way of proving damages of this kind, where with care the amount could be ascertained with reasonable certainty.

For the error in refusing this instruction the judgment will be reversed and cause remanded.

*Reversed and remanded.*