## No. 8566.

### DENVER CITY TRAMWAY COMPANY *v.* DOYLE.

1. NEGLIGENCE—*Contributory Negligence—Instructions.* Where in an action for negligence the defendant produces evidence which warrants a finding of contributory negligence he is entitled to full and detailed instructions applying the law to the facts which the evidence tends to establish. The refusal of such instructions is fatal error, unless it is apparent that no prejudice resulted.

A statement of the general principle that the exercise of ordinary care is necessary to a recovery by plaintiff will not supply the omission.

2. CONTRIBUTORY NEGLIGENCE—*For the Jury,* where the testimony upon this issue is in conflict.

*Error to Denver District Court, Hon. John H. Denison,*
*Judge.*

Mr. GERALD HUGHES, Mr. HOWARD S. ROBERTSON and
Mr. W. G. TEMPLE, for plaintiff in error.

Mr. REES D. REES, Messrs. MORRISSEY & SCOFIELD, and
Mr. ALBERT T. ORAHOOD, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The defendant in error (hereafter called the plaintiff)
recovered judgment for personal injuries, sustained by
being thrown from a wagon which he was driving, when
it was struck by a street car of the defendant company at
the intersection of Seventeenth and Blake streets in the
City of Denver. The accident occurred about 5 p. m.,
October 17th, 1913. The street car was going northwest
(hereafter called north) down Seventeenth Street. The
plaintiff was driving a large team and heavy transfer
wagon, going northeast (hereafter called east), up Blake
Street. The defendant has double tracks on Seventeenth
Street; cars going north, toward the depot, use the east
track; those going south, toward the Brown Palace Hotel,
use the west track. The testimony of plaintiff and that of
his witnesses is to the effect, that just as he approached
Seventeenth Street, going east on Blake Street, a street
car going south on Seventeenth Street crossed Blake
Street, stopping upon the south side to let off or take on
passengers; that he then proceeded east, the horses on a
walk; that he was looking both ways, but saw no car, and
heard no bell or gong sounded by any car going north;
that at that time the car going south prevented his see-
ing in that direction for as long a distance as he other-
wise could have seen had it not been there; that the rear
end of this car, when it stopped, was from six to nine
feet south of the curb line, and the plaintiff's team nine
to ten feet north of the curb line, at which time and place
he saw no car coming from the south, and proceeded to
start east across the tracks; that when his horses got over

the east track, and the front wheels of his wagon upon it, he, for the first time, saw the car coming from the south forty to fifty feet away; that it was coming at a fast rate of speed, viz, from twenty-two to twenty-six miles an hour; that no gong or bell was being sounded; that when he first saw it he rushed his team, in an effort to get off of the track but failed, the street car hitting the rear axle and wheel of the wagon, which knocked it clear of the track, turning both team and wagon half around, throwing the plaintiff to the street, which caused the injuries complained of. According to the testimony of sundry witnesses for the defendant, there was no car going south when plaintiff approached the tracks, but to the contrary, that he had a clear view south on Seventeenth Street, and saw, or must have seen, had be looked, the car coming; that it was going from twelve to fifteen miles an hour with the gong ringing; that when it got near the point where plaintiff would cross the tracks, and before his horses were on the tracks, and when both he and they were in a place of safety, he whipped up his team in an effort to beat the street car across; that when the motorman ascertained what the plaintiff was then attempting to do, he made every effort possible to stop the car in order to avoid the collision, but was unable to do so.

The court instructed the jury concretely on the plaintiff's theory repeatedly stating that if they found so and so, their verdict should be for the plaintiff, but refused to do likewise upon behalf of the defendant, concerning plaintiff's contributory negligence, that is, in none of the instructions given was the jury advised except in an abstract way as to the plaintiff's duty under the circumstances disclosed by defendant's witnesses. For this reason, it is urged that the court erred in refusing to give defendant's Instructions Nos. 6 and 7, which were to the effect that if the jury believed, etc., that the plaintiff, as he drove his team onto Seventeenth Street from Blake Street, in the exercise of ordinary care, could have seen the approaching car, and that he either saw it, or did not see it, and con-

tinued to drive his team across the street onto the track on which the car was coming, and that his failure, if any, to see the car or having seen the car his attempt, if any, to cross in front of it, were a failure on his part to exercise ordinary and reasonable care, and contributed to the accident and injuries which he received, and without which the same would not have occurred, and that the motorman as soon as he realized, or, in the exercise of reasonable care, should have realized the plaintiff's danger, exercised ordinary and reasonable care to try to prevent the collision, it would be their duty to find a verdict for the defendant.

There is no question concerning the defendant's right to have the jury properly instructed in a concrete manner upon its theory of the case, whenever there is competent testimony to sustain that theory, if adopted.

*Sutton v. Dana,* 15 Colo. 98, 25 Pac. 90; *Marsh v. Cramer,* 16 Colo. 331, 27 Pac. 169; *Rose v. Otis,* 18 Colo. 59, 31 Pac. 493; *Biggs v. Seufferlein,* 164 Iowa, 241, 145 N. W. 507, L. R. A. 1915F, 673; *Warehouse & Storage Co. v. Toomey,* 181 Mo. App. 64, 163 S. W. 558; *N., C. & St. L. R. Co. v. Banks,* 156 Ky. 609, 161 S. W. 554; *Weil v. Chicago City Ry Co.,* 182 Ill. App. 109; *McKennan v. O. & C. B. St. Ry. Co.,* 95 Neb. 643, 146 N. W. 1014.

There are numerous cases which hold that the defendant is entitled to such instructions, even though the law is, in a general way, covered by the changes given, unless the court can see that no prejudicial error resulted from such refusal.

*Western Coal & Mining Co. v. Moore,* 96 Ark. 206, 131 S. W. 960; *Louisville & Nashiville R. Co. v. King's Adm'r,* 131 Ky. 347, 115 S. W. 196; *Carlin v. Grand Trunk Western Ry. Co.,* 243 Ill. 64, 90 N. E. 201, 134 Am. St. Rep. 354; *Fowler v. C. & E. I. R. R. Co.,* 234 Ill. 619, 85 N. E. 298; *Citizens' Ry. Co. v. Ford,* 25 Tex. Civ. App. 328, 60 S. W. 680; *Hennessey v. Forty-second St. Ry. Co.,* 103 App. Div. 384, 92 N. Y. Supp. 1058; *Chicago City Ry. Co. v. O'Donnell,* 208 Ill. 267, 70 N. E. 294, 477; *Traction Co. v. Brown,*

115 Tenn. 323, 89 S. W. 319; *M., K. & T. Ry. Co. v. Mc-Glamory*, 89 Tex. 635, 35 S. W. 1058; *Houston & T. C. R. Co. v. Carruth* (Tex. Civ. App.), 50 S. W. 1036; *Cushing v. Metropolitan St. Ry. Co.*, 92 App. Div. 510, 87 N. Y. Supp. 314.

The plaintiff offers no criticism to the holdings in the cases above cited, but contends that the substance of these instructions was covered by those given. So far as the defendant's phase of this question is concerned, the instructions given contain only abstract statements of principles of law; they did not present to the jury in a concrete manner the defendant's theory of the case on this question. We fail to find in them anywhere a statement that if the jury finds the facts to exist as stated in these refused instructions, its verdict shall be for the defendant. Such instructions were given upon behalf of the plaintiff upon all of his theories of the case, calling attention that if it found so and so, its verdict should be for plaintiff. Similar instructions, when offered, should have been given upon behalf of the defendant. The jury would then have had called to its attention its duty, in case is found the facts as defendant claims, instead of being compelled to gather it from abstract propositions of law. For these reasons, we cannot agree that no prejudicial error was occasioned by their absence.

A condition quite similar was under consideration in *Carlin v. Grand Trunk Ry. Co.*, 243 Ill. 64, 90 N. E. 201, 134 Am. St. 354, the court said:

"Appellant claimed that deceased stooped down and went under the gate upon the crossing after the gate was down, and that his conduct in so doing was negligent and resulted in his being struck by the train. There was evidence tending to sustain this claim, and the appellant therefore had a right to have the jury instructed as to the law applicable to it. Other instructions given informed the jury that there could be no recovery if the deceased was guilty of negligence in going upon the crossing at the time of the accident. Such instructions, however, were

abstract in character. The refused instruction applied the law to the facts in the case as the evidence on behalf of appellant tended to prove them. The statement of the general principle that the exercise of ordinary care by the deceased was necessary to a recovery was not equivalent to an instruction directing the attention of the jury to a controlling issue in the case and to the evidence bearing on that issue. Notwithstanding the giving of instructions of a general character, this instruction, applying the law to facts which there was evidence tending to prove, should have been given."

In view of a new trial one other question should be considered, that of plaintiff's contributory negligence. The defendant cites sundry railroad cases, and some others, to establish its contention, that, per his testimony, plaintiff was guilty of contributory negligence, as a matter of law, in attempting to cross the street car track after the unbound car had passed and stopped upon the south side of the street, instead of waiting for it to again pass on up the street, so that his view would have been entirely unobstructed from that direction. For this reason, it is alleged that a directed verdict should have been ordered. We cannot agree with this contention. If there was an upbound car as testified to by the plaintiff and other witnesses, his wagon was in the neighborhood of fifteen to twenty feet north of the rear end of this car, when he started to cross Seventeenth Street, which gave him this distance of clear vision, also a better and farther view than this of the east track upon account of its being a certain distance east of the west track on which an upbound car would be traveling. Besides, his testimony discloses that he was seated upon a high seat upon a large transfer wagon, which tended to give him a still better view from all directions. The city ordinances required the sounding of a gong by the car going north a certain distance from the street, also that the car should not exceed a certain speed. When all these matters are considered, we think the question of whether he was guilty of contributory negligence

was for the jury to determine.   We do not understand that railroad cases, where trains are understood to be running at a high rate of speed, at least greatly in excess of the rate permitted by a street car, are applicable to a case of this kind.   As we understand it, a distinction is made between the rules which apply to a street railway crossing and those which apply to the crossing of an ordinary steam railroad:

*Phillips v. Denver Co.*, 53 Colo. 458, 128 Pac. 460, Ann. Cas. 1914B, 29; *Denver C. T. Co. v. Wright*, 47 Colo. 366, 107 Pac. 1074; *Denver C. T. Co. v. Carson*, 21 Colo. App. 604, 123 Pac. 680; *Roberts v. Spokane St. Co.*, 23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184; *Burian v. Seattle Electric Co.*, 26 Wash. 606, 67 Pac. 214; *Zolpher v. Camden & Sub. Ry. Co.*, 69 N. J. Law, 417, 55 Atl. 249; *Bass' Adm'r v. Norfolk Ry. & L. Co.*, 100 Va. 1, 40 S. E. 100; *Smith v. Union Trunk Line*, 18 Wash. 351, 51 Pac. 400, 45 L. R. A. 169; *Millette v. Detroit United Ry.*, 186 Mich. 634, 153 N. W. 10; *Shea v. St. Paul City Ry. Co.*, 50 Minn. 395, 52 N. W. 902; *Cross v. California St. C. Ry. Co.*, 102 Cal. 313, 36 Pac. 673; *Cook v. Baltimore Traction Co.*, 80 Md. 551, 31 Atl. 327.

The judgment is reversed.

*Reversed.*

Chief Justice White and Mr. Justice Teller concur.